### F. SEIGNOURET & Co. *v.* C. GARDANNE AND WIFE.

The wife is not personally bound for the price of furniture sold to her husband, although she, as a member of his family, may have had the use of it.

The vendor can not exercise his privilege on goods sold to the husband, after they have been purchased by the wife under a seizure and sale against the husband to satisfy her dowry. C. C. 3184, No. 7., 3194.

Where the wife's judgment against her husband has been ratified by a *dation en paiement*, the settlement cannot afterwards be set aside by them, and the judgment revived to the prejudice of the claims of the husband's creditors. *Buchanan*, J., dissenting.

Considering the relation between husband and wife, and that their possession is a joint one of all the objects belonging to the community, no adverse title, during the marriage, can ever be set up in the wife to defeat the vendor's privilege on an object purchased by the community and unpaid for. *Ogden*, J., dissenting.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Fillieul*, for plaintiffs. *Miles Taylor* and *H. H. Taylor*, for defendants and appellants.

SLIDELL, C. J. This suit is brought upon two notes, dated in August 1851, made by *C. Gardanne* to the order of the plaintiff, and payable one year after date. The prayer is for a judgment against the husband and wife *in solido*. The ground upon which the petition asks judgment against the wife is, that the notes were given in payment of certain articles of household furniture sold to the husband and used in his house by his wife and family, who are benefitted by their use, and that although *Mrs. Gardanne* did not sign the notes, she is bound to contribute to the expenses of her household, and share the debts of her husband contracted for such purpose. The petition also asked judgment recognizing the vendor's privilege upon the furniture, of which a list was annexed. There was judgment according to the prayer of the petition, and *Mrs. Gardanne* has appealed.

The following fact appeared at the trial: the notes are in renewal of notes for a larger sum given in the name of the husband in 1848, for furniture purchased of the plaintiffs in 1846 and 1847. A witness in the employ of plaintiffs says, the goods were sold to the defendants; that both defendants came into the shop and bought the goods mentioned in the bill, *Mrs. Gardanne* examining and selecting the furniture. It appears, however, by a written admission made at the trial, as well as by the petition, that the goods were sold to *Mr. Gardanne*, and that the original, as well as the renewal notes, were given in his name. The furniture has always been used in the family, and is now in the possession of *Mrs. Gardanne*. At the time of the purchase, a community of goods existed between the husband and wife, which was dissolved by judgment in 1851. By the same decree, she had judgment against her husband for $50,000, the amount of her dowry. Upon *fieri facias*, she seized the furniture and bought it at sheriff's sale, crediting the price upon her claim.

We think the wife is not personally bound for the price of the furniture, because it was sold to the husband; the credit was given to him, and to the community which then existed, and of which he was the head and master. It was moreover the sale of a thing which the husband was bound to furnish, and he had at the time the enjoyment of the income of her dower. C. C. 2329, 2371, 2372.

With regard to the vendor's privilege, we think the plaintiffs lost it by not exercising it before the wife's seizure and sale. C. C. 3184, No. 7, 3194.

It is therefore decreed, that the judgment condemning the wife and granting a vendor's privilege, be reversed, and that there be judgment in favor of the defendant, *Mrs. Gardanne*; the costs of the suit against her in both courts, to be paid by the plaintiffs.

*Campbell*, J., and *Voorhies*, J., concurring.

BUCHANAN, J., dissenting. I am of opinion that the privilege of the vendor has not been lost, in this case, for the reasons given in the dissenting opinion of *Mr. Justice Ogden*, and for the further reason, that it is shown by the record that *Mrs. Gardanne* obtained a judgment of separation of property, and for a large amount of dotal and paraphernal rights against her husband, which judgment was satisfied by a *dation en paiement*. This *dation en paiement* was afterwards set aside, by consent of parties, and execution issued upon the judgment, under which execution the movables, sold by plaintiffs to the husband, were seized by the sheriff, and purchased at sheriff's sale by *Mrs. Gardanne*. It is my opinion, that the satisfaction of *Mrs. Gardanne's* judgment fixed her rights as regarded the creditors of her husband, and that the husband and wife could not legally, thereafter, place these creditors *in duriori casu* by subsequent conventions, reviving the judgment of the wife when once extinguished.

OGDEN, J., dissenting. The plaintiff was not, according to my view of the law, deprived of his vendor's privilege, by the sale of the furniture to the wife. The purchase of the furniture by defendant, was made for the benefit of the community; the price constituted a debt due by the community, and although the wife might exonerate herself from liability for the debt, by renouncing the community, I think she cannot be permitted, at the same time, to retain the furniture bought by her husband for their joint benefit, without paying for it, although she has an unsatisfied claim against her husband for her dotal or paraphernal rights. To permit one creditor to be paid out of the proceeds of the sale of an object, the price of which is yet due to another creditor, is

SEIGNOURET & CO.
*v.*
GARDANNE AND
WIFE.

SEIGNOURET & Co. *v.* GARDANNE AND WIFE. in itself a violation of the principle of natural justice, that no one should be permitted to enrich himself at another's expense. To prevent it, the law has accorded a privilege to the vendor as long as the property remains in the possession of the vendee. I do not think this privilege can be defeated, in the case of purchase of movables by the husband during the community, by his transfer of the property to the wife in payment of her dotal right. The actual possession continues as before in both of them, and their liability for the debt is the same. Nothing but the title has changed, and their acts in that respect ought not to be permitted to destroy the fair and just claim of the vendor to be paid for his property. The transfer having been effected by the form of a judicial sale, does not render it different from a *dation en paiement*, which the parties might have resorted to, if they had chosen. Considering the relation between husband and wife, and that their possession is a joint one of all the objects belonging to the community, I consider that no adverse title, during the marriage, can ever be set up in the wife to defeat the vendor's privilege on an object purchased by the community and unpaid for. There should be judgment, in my opinion, against the husband, with privilege on the furniture sold.